## KENNARD AND COMPANY v. KEARNEY.

Court of Common Pleas. Kent. May, 1795.

*Clayton's Notebook, 8.*

*Ridgely*, for defendant, moved to nonsuit the plaintiffs because the declaration contained no count upon the special circumstances of the case, but only the count for money had and received; in support of which he cited 1 Bac.Abr. 163, where it is said to have been laid down by Holt, C. J., that if two come to a shop and one buys, and the other to gain him a credit promises the seller that "if he does not pay you, I will," this is a collateral promise; but if he says, "Let him have the goods and I will be paymaster," this is an original undertaking, and he shall be intended the very buyer. So in this case Bishop was the person credited, not the defendant, though he afterwards received the money. He cited 2 Wils. 141, 142 assumpsit for money lent to a third person and verdict for plaintiff, but the court declared the verdict bad and arrested the judgment because there cannot

be a double debt upon a single loan. Accord, *Butcher v. Andrews*, [1] Salk. [23]. So accordant are 6 Mod. 129, Doug. 24, *Weston v. Downes*. Where there is a special contract, the defendant ought to have notice of his being sued on it. This was a special contract of which the declaration contains no notice.

He argued that from the evidence of the plaintiff in proving his daybook, it appeared that the contract was made on Sunday and therefore void, because such contracts are prohibited to be made on Sunday by the Act of Assembly, 1 Body Laws 183. *(Sic vide* 2 Del.Laws 1209.)

*Rodney* for the plaintiffs. The declaration contains the proper count in money had and received, for even in declaring under the Statute of Frauds it is not necessary to state the agreement in writing which is declared on, Esp.N.P. 137, Ld.Raym. 450. In the present [case there] is the general count for money had and received, and there can be no legal necessity for a special count. A collateral undertaking like the present may be proved by witnesses, without the necessity of a special count. 1 Dall. 238, 239, 2 Term 80. The count for money had and received is the most general in the law. Doug. 615, H.Bl. 242, 244, 4 Term 343, 2 Bl.R. 1269.

The present is an action on the case and similar to a bill in equity, 2 Burr. 1010, 4 Burr. 1986, Cowp. 280, 3 Term 180; endorsee of a bill of exchange recovers against acceptor in money had and received. (*Sed nota,* his liability, was it not primary?)

From the evidence of the plaintiff the money, it is true, was advanced on Sunday, but the entry was not made until Monday. From this it appears to have been the intention of the parties that the transaction should relate to the day on which the entry was made. At all events, the defendant's letter acknowledging the debt takes away this objection.

BASSETT, C. J. The Court declined nonsuiting the plaintiffs, but charged the jury as follows. In this case it appears that the money was advanced by the plaintiffs to the defendant on Sunday the 20th August, 1786. Upon such a circumstance the law operates to annul the contract. 1 Del.Laws 183, 2 Del.Laws 1209. It is declared by Holt, C.J., in Carth. 252 that "every contract made for or about any matter or thing which is prohibited and made unlawful by any statute is a void contract, though the statute itself does not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, though there be no prohibitory words in the statute."

Therefore etc., verdict for defendant.

486

[NOTE.] Admitting this contract to have been illegal and void, yet it may be questioned whether the plaintiff should not have recovered, because the count was in disaffirmance of the contract and is the one always used for that purpose, 1 Selw. 105, 7 Term 535, 1 Bos. & P. 296, 1 Bos. & P. 3. In *Drury v. Defontaine*, 1 Taun. 131, it was decided that contracts are not void if proved to be made on Sunday. But note that our Act inflicts a penalty which the court in 1 Taun. 136 acknowledge alters the case. Gould's Esp.Ev. 539.